IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA WAGNER,<br><br>    Plaintiff,<br><br>  vs.<br><br>KEVIN CAMPBELL, individually and in his official capacity; ROGER WIEGERT, individually and in his official capacity; JIM HELGOTH, individually and in his official capacity; ROBERT HUSMANN, individually and in his official capacity; JIMMIE GRAVES, individually and in his official capacity; REXFORD WELLER, individually and in his official capacity; DL HAHN, individually and in his official capacity; and JOHN JEFFERSON, individually and in his official capacity;<br><br>    Defendants. | 4:13CV3006<br><br>FINDINGS AND RECOMMENDATION |

  This matter is before the Court on Plaintiff's Motion to Remand, (Filing No. 24), this case to the District Court of Merrick County, Nebraska. For the reasons set forth below, Plaintiff's motion for remand should be denied.

BACKGROUND

  On October 30, 2012, Patricia Wagner (hereinafter "Plaintiff") filed a civil rights action against the Sheriff of Merrick County, Nebraska, the Chairman of the Board of Supervisors for Merrick County, and the members of the Board of Supervisors for Merrick County (hereinafter collectively known as "Defendants") in their individual and official capacities. (Case No. CI12-1062). Plaintiff originally filed her Complaint in the District Court of Hall County, Nebraska, (Case No. CI12-1062), but the case was transferred to the District Court of Merrick County, Nebraska pursuant to a court order on December 26, 2012. Defendants removed the case to this forum pursuant to 28 U.S.C. § 1446 on January 9, 2013. (Filing No. 1).

The Notice of Removal states Defendants were never properly served with the complaint in their officials capacities, and the defendants in their individual capacities, who were actually served, consented to the removal.  Defendants claim that under Nebraska law, "[p]roper service of process upon a county official in his or her official capacity requires service on the county clerk" and that service was never perfected through those means.  Id. (citing Holmstedt v. York County Jail Supervisor, 745 N.W.2d 317 (2008); Neb. Rev. Stat. § 25-510.02 (Reissue 2008)).

On February 6, 2013, Plaintiff filed a Motion to Dismiss her claims against Defendants in their official capacities under Fed. R. Civ. P. 41(a)(1).  (Filing No. 7). Plaintiff subsequently filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c) on February 7, 2013. (Filing No. 24).  Plaintiff's Motion to Remand alleges that Defendants failed to file their Notice of Removal within thirty days as is required by 28 U.S.C. § 1446(b)(1) because Defendants were properly served in their individual capacities between November 2, 2012 and November 5, 2012. (Filing No. 24).  Plaintiff alleges that the notice of removal was not timely filed because it was not filed until January 9, 2013.  Id.  Plaintiff further states she voluntarily dismissed the defendants in their official capacities under Fed. R. Civ. P. 41(a), but does not argue what impact that dismissal might have on the action.  Defendants argue that the removal was timely because Defendants had not been properly served with process in their official capacities.  (Filing No. 25).

LEGAL ANALYSIS

<u>Federal Subject Matter Jurisdiction.</u>

As an initial matter the court must determine whether jurisdictional grounds exist for removal of the case.  Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."  The plaintiff may challenge the removal by filing a

2

motion to remand the action to state court. 28 U.S.C. § 1447(c). In cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

In this case, there is no question federal subject matter jurisdiction exists and removal was permissible. Plaintiff's claims are based extensively on 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the Constitution of the United States.[1] Such claims clearly implicate federal subject matter jurisdiction. Proper grounds for removal were present. 42 U.S.C. § 1441(a) & (c).

Timeliness of Removal.

Having determined subject matter jurisdiction exists, the court must address whether removal was timely. Under 28 U.S.C. § 1446 a defendant seeking to remove a civil action to federal court must file a notice of removal. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Such notice may also be filed "within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." Id.

---

[1] To the extent the plaintiff makes claims under Nebraska state law and the Nebraska Constitution, those claims are based on the same set of facts and are "part of the same case or controversy." This court has supplemental jurisdiction of those claims. 28 U.S.C. § 1367. See McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994).

When removal is sought based solely on federal question jurisdiction conferred upon this Court through 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  If multiple defendants are served at different times, and a later-served defendant files a notice of removal, the earlier-served defendants may consent to such removal even though the earlier-served defendant did not initially file a notice of removal, or consent to removal.  28 U.S.C. § 1446(b)(2)(C); see also Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (holding that later-served defendants have thirty days from the date of formal service to file a notice of removal with the unanimous consent of their co-defendants, despite the first-served defendant's failure to file a notice of removal within thirty days of service on them).

Although 28 U.S.C. § 1146 sets a 30-day time limit for removal for defendants who have been properly served, there is no express restriction on a defendant who has not received proper service.  A defendant may remove a case at any time prior to receiving service. See Middlebrooks v. Godwin Corp., 279 F.R.D. 8, 11-12 (D.D.C. 2011); Delgado v. Shell Oil Co., 231 F.3d 165 (5th Cir. 2000); Bell v. American General Finance, Inc., 267 F. Supp. 2d 582, 583-84 (S.D. Miss. 2003); Taylor v. Conttrell, Inc., 2009 WL 1657427 at *2 (E.D. Mo. 2009); see also 28 U.S.C. § 1448 (expressly contemplating the need for the plaintiff to perfect service on a defendant after the case has been removed).

The individual defendants were properly served between November 2, 2012 and November 5, 2012.  However, they were also named as defendants in their official capacities as employees of Merrick County, Nebraska, and as to the claims against them in their capacity as county officials, service on the Merrick County Clerk was required.  Neb. Rev. Stat. § 25-510.02.  The plaintiff did not serve the Merrick County Clerk.  Thus, as to the defendants in their official capacities, the "30 day clock" for removal never started to run.  Despite the fact the official capacity defendants were never properly served, they were entitled to remove the case at any point prior to receiving proper service or within 30 days of actually being served.  See Middlebrooks, 279 F.R.D. at 11-12.  Under 28 U.S.C. §

4

1446(b)(2)(C) and the principle of the "second-served defendant" as set forth in Marano Enterprises, the defendants' failure to remove the case in their individual capacities within the prescribed time limit does not prevent the entire matter from being removed by the defendants in their official capacities when done so in a timely manner. See, e.g., Marano Enterprises, 254 F.3d at 757 (8th Cir. 2001) (removal of the entire case is appropriate where the second-served defendant removes the case with the consent of all co-defendants). The official capacity defendants (Merrick County), having never been served, were not time-barred from removing this action. Having obtained the consent of the individual capacity defendants who had been served, the official capacity defendants were entitled to remove the entire case to this forum.

<u>Motion to Dismiss the Defendants in their Official Capacities.</u>

Approximately one month after Defendants removed this case to federal court, Plaintiff filed a motion to dismiss all the defendants in their official capacities and then moved to remand the case. The official capacity defendants have never filed an answer or moved for summary judgment. Thus, the plaintiff is entitled to dismiss these defendants as a matter of right. Fed. R. Civ. P. 41(a).

Although Plaintiff does not expressly argue that the case should be remanded because she dismissed the official capacity defendants, she suggests that with that dismissal, remand is appropriate. This argument is without merit. Federal subject matter jurisdiction was present at the time of removal based on the plaintiff's claims under 42 U.S.C. § 1983 and the United States Constitution. The dismissal of the defendants in their official capacities did not alter the constitutional claims. Accordingly, federal subject matter jurisdiction is still present and the case is properly before this court.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

1) the plaintiff's motion to remand, (Filing No. 24), be denied; and

2) to the extent a court order is required (see Fed. R. Civ. P. 41(a)), plaintiff's motion to dismiss the named defendants in their official capacities, (Filing No. 7), and all defendants in their individual capacities with the exception of Kevin Campbell, (Filing No. 29), be granted.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

April 29, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.